STATE OF MISSISSIPPI v. WILLIAM STARLING.

[42 South., 203.]

CRIMINAL LAW AND PROCEDURE.  *Forgery.*  *Code* 1892, § 1108.  *Indictment.*

An indictment, under Code 1892, § 1108, providing that the making with intent to defraud, of a false entry in any book of accounts kept by a moneyed corporation to be, or intended to be, delivered to a person dealing with the corporation, by which any pecuniary obligation is affected, shall be guilty of forgery, is insufficient if it fail to show how a pecuniary obligation was to be affected.

FROM the circuit court of Washington county.

HON. A. McC. KIMBROUGH, Judge.

Starling, the appellee, was indicted for forgery; his demurrer to the indictment was sustained by the trial court and the state appealed to the supreme court.

The case, *Starling* v. *State,* next following in this volume, grew out of the same transactions.

Appellee, Starling, was indicted under Code 1892, § 1108, providing that "every person who, with intent to defraud, shall make any false entry, or shall falsely alter any entry made in any book of accounts kept by any moneyed corporation within this state, or in any book of accounts kept by any corporation or its officers, and to be delivered or intended to be delivered to any person dealing with such corporation, by which any pecuniary obligation, claim, or credit, shall be in any manner affected, shall be guilty of forgery." The indictment, omitting formal parts, reads as follows; the clauses inclosed in brackets in the first count being stricken out by amendment with leave of the court:

Count 1: ".  .  .. Did then and there forge and counterfeit the books of accounts kept then and there by the Mer-

chants' & Planters' Bank, a moneyed corporation duly incorporated under the laws of the state of Mississippi, particularly the 'Daily Statement Book,' marked 'I' on page 297 thereof, of said books so kept by said corporation, with the intent then and there and thereby wilfully, unlawfully, and feloniously to defraud the said corporation, the Merchants' & Planters' Bank aforesaid, by then and there falsely entering therein [a debt balance to the Guaranty Trust Company of New York, called on said book its 'New York Account,' of $1,304.12, which entry should have been a credit balance to said account of $3,695.88, and by then and there falsely entering] a debit balance against the Hibernia Banking & Trust Company, New Orleans, La., called on said books its 'New Orleans Account,' a debit balance of $5,073.69, which entry should have been a debit balance of $20,073.69 [and by then and there falsely entering against the National Bank of Commerce of St. Louis a debit balance of $1,475.71, which entry should have been a credit balance to said account of $13,524.29], to the great damage of said corporation, and whereby the pecuniary obligations of said the Merchants' & Planters' Bank were affected as aforesaid," etc.

Count 2: ". . . By entering therein and thereon various and sundry debit and credit balances to the various and sundry accounts kept in said books of divers and various sums of money, then and there and thereby affecting and increasing and diminishing the pecuniary obligations of said corporation, the Merchants' & Planters' Bank aforesaid, in divers and various sums of money, which said debit and credit balances and the amounts thereof, respectively, and which various and sundry accounts and the entry thereof in said books, and the divers and various sums of money in said entries, and the amounts by which said accounts were increased and diminished, being now to the grand jurors unknown, to the great damage of said corporation," etc.

Defendant demurred to the indictment, and the court be-

low sustained the demurrer, and the state appealed to the supreme court. The appellee filed a motion to dismiss the appeal, setting up the fact that since it had been granted, the grand jury had returned a new indictment covering the offense with which he was charged in the indictment herein, which new indictment attempted to remedy the defects in the present indictment as amended. The state contended that, since the correctness of the action of the court below touching the validity of an indictment is called in question, it is entitled to a ruling on the correctness and validity of the indictment. The supreme court considered the case on the motion and on the merits together.

*R. N. Miller,* and *R. V. Fletcher,* assistant attorney-general, for appellant.

*J. H. Wynn,* and *Shields & Boddie,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The motion in this case is overruled. On the merits it is enough to say that the action of the court below was correct, for the reason that the indictment did not show how any pecuniary obligation was to be affected.